UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ, | Case No. 2:22-cv-00137-KJM-JDP |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED |
| v. | |
| MANGAL SINGH, *et al.*, | ECF No. 12 |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff alleges that defendants violated his rights under the Americans with Disabilities Act, the California Unruh Civil Rights Act, and California Health and Safety Code § 19953. Defendants have neither answered the complaint nor otherwise appeared in this action. Plaintiff has filed a motion for default judgment, which was before the court for hearing on July 28, 2022. I recommend that plaintiff's motion be denied.

**Background**

The complaint alleges that plaintiff is "substantially limited in his ability to walk and must use a wheelchair for mobility." ECF No. 1 at 2. Defendants own and operate Four Oaks Market ("Four Oaks"), located at 2140 Grand Avenue in Sacramento. *Id*. at 1-2. Four Oaks is a place of public accommodation that was "designed and constructed . . . after January 26, 1993." *Id*. at 2 & 5.

Plaintiff alleges that, on July 21, 2021, he visited Four Oaks to purchase beverages and

1

discovered barriers that interfered with his equal enjoyment and use of the market. *Id.* at 2-3. In particular, he alleges that he "could not locate any designated accessible parking"; as a result, he "parked in a standard parking stall where [he] had difficulty transferring to his wheelchair because the surface of the pavement was very rough and uneven." *Id*. at 3. However, he acknowledges that "upon exiting his vehicle, he realized that there was a designated accessible parking stall elsewhere" that he had not seen because "the pavement markings were so faded." *Id.* He also states that he "had difficulty on the way from his vehicle to the [Four Oaks] entrance since the path of travel was narrow and excessively sloped." *Id.*

Plaintiff properly served each of the defendants with a copy of the summons and complaint on or before March 3, 2022. ECF Nos. 4, 5, & 6; *see* Cal. Civ. Proc. Code § 415.20(c). After defendants failed to timely respond to the complaint, plaintiff requested entry of defendants' default, ECF No. 7, which the Clerk entered on March 29, 2022, ECF No. 8. Plaintiff now moves for default judgment on his ADA and state law claims. ECF No. 12.

**Legal Standard**

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-*

1  *Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

2  Generally, once default is entered "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).  However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

I first address the merits of plaintiff's substantive claim under the ADA and whether the allegations in the complaint are sufficient to state a claim.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*. § 12182(b)(2)(A)(iv).  Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).  The ADA Standards for Accessible Design "lay out the technical structural requirements of places of public accommodation." *Fortyune v. Am. Multi-Cinema, Inc*., 364 F.3d 1075, 1080-81 (9th Cir. 2004); *see* 28 C.F.R. Pt. 36, App. D ("1991 Standards"); 36 C.F.R. Pt. 1191, Apps. B, D ("2010 Standards").  If a violation of the Standards "relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes discrimination under the ADA." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (internal marks and citations omitted).  Public accommodations that commenced construction after July 26, 1992, but prior to September 15, 2010, must comply with the 1991 Standards; new construction or alterations commenced after March 15, 2012, must comply with the 2010 Standards.  *See* 28 C.F.R. § 35.151.

1  Plaintiff alleges that he relies on a wheelchair for mobility and is thus disabled within the
2  meaning of the ADA.  *See* ECF No. 1 at 2.  He alleges that defendants own or operate Fair Oaks,
3  a public accommodation that was constructed after January 26, 1993.  *Id.* at 5.  Since plaintiff
4  "does not know if [Four Oaks] . . . had any alteration done after March 15, 2012," ECF No. 12-1
5  at 4, I will assess plaintiff's allegations with reference to the 1991 Standards.

6  Plaintiff's allegation that he could not locate the accessible parking space because the
7  pavement markings were too faded is insufficient to state a claim under the ADA.  He argues that
8  defendants' failure to maintain a "properly configured and identified accessible parking stall"
9  constitutes "a violation of 1991 [Standards] § 4.1.2(5)(a)."  ECF No. 12-1 at 5.  Section 4.1.2(5)
10  requires facilities with self-parking spaces to have at least one accessible parking space that meets
11  the standards of section 4.6.  28 C.F.R Pt. 36, App. D § 4.1.2(5).  In turn, section 4.6.4 states that
12  accessible parking spaces must be "designated as reserved by a sign showing the symbol of
13  accessibility . . . [,] located so [it] cannot be obscured by a vehicle parked in the space."  *Id.* at
14  § 4.6.4.[1]  Plaintiff does not indicate, in either his complaint or his motion, whether the accessible
15  parking space provided by Four Oaks was designated with a sign that could not be obscured by a
16  vehicle, and he fails to supply any other explanation for why faded pavement markings rise to the
17  level of an ADA violation.

18  In his motion, plaintiff argues that "defendants failed to provide an accessible route of
19  travel connecting the designated accessible parking to the [Four Oaks] entrance," ECF No. 12-1
20  at 4, but he submits no evidence to support this contention.  The complaint alleges only that "the
21  pavement was very rough and uneven" and that "the path of travel . . . from his vehicle to the
22  [Four Oaks] entrance . . . was narrow and excessively sloped."  ECF No. 1 at 3.  Both statements
23  refer solely to features that plaintiff encountered after parking in a non-accessible space; there are
24  no allegations regarding the path of travel between the accessible parking space and the entrance.

---

[1] The 2010 Standards add only that "[a]ccess aisles shall be marked so as to discourage parking in them."  *See* 36 C.F.R. Pt. 1191, App. D. § 502.3.3; *see also* 2010 Standards for Accessible Design at 150 (2010), https://www.ada.gov/2010ADAstandards_index.htm ("The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations.").

4

The 1991 Standards require only that "[a]t least one accessible route within the boundary of the site shall be provided from . . . accessible parking, and accessible passenger loading zones . . . to the accessible building entrance they serve." 28 C.F.R. Pt. 36, App. D § 4.3.2.[2]

Plaintiff also alleges violations of the Unruh Act on the sole basis that "[a] violation of the ADA . . . constitutes an automatic violation of the Unruh Civil Rights Act." ECF No. 12-1 at 6 (citing Cal. Civ. Code § 51(f)). Since plaintiff's ADA claim is insufficiently pled, he has also failed to plead a violation of the Unruh Act.[3]

While many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment—namely, the small sum at stake, the possibility of prejudice to plaintiff, and the lack of a basis to find excusable neglect—the insufficiency of his allegations "weighs dispositively against granting default judgment." *El Sobrante Dev., LLC v. Nat. Assur. Grp.*, No. 1:08-cv-00455-AWI-SKO, 2010 WL 3171422, at *8 (E.D. Cal., 2010); *see Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988) (reversing the entry of the default judgment where the allegations failed to state a claim). Accordingly, plaintiff's motion for default judgment should be denied along with his request for attorney's fees.

For the reasons stated above, it is hereby RECOMMENDED that plaintiff's motion for default judgment, ECF No. 12, be denied without prejudice.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations

---

[2] Even if plaintiff's allegation regarding the slope and width of the path of travel is generously construed to refer to the path between the accessible space and the entrance, it would be too vague and conclusory to demonstrate a likelihood of success on the merits. *See Kalani v. Avenue Grill, Inc*., No. 2:15-cv-2114-JAM-AC, 2016 WL 5402709, at *5 (E.D. Cal. Sep. 28, 2016) (finding allegations that an accessible route was "excessively sloped" and "lacked proper wheelchair clearances" insufficient in the absence of measurements or facts that would permit to the court to find that the route "did not comply with 1991 Standards § 4.3.3").

[3] Although the complaint also alleges a violation of the California Health and Safety Code, the motion for default judgment addresses only plaintiff's claims under the ADA and the Unruh Act.

with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    November 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE